UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>v.<br><br>CHSP TRS SAN FRANCISCO LLC,<br><br>    Defendant. | Case No. 20-cv-07259-DMR<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND/OR SANCTIONS**<br><br>Re: Dkt. No. 28 |

Plaintiff Samuel Love filed this case alleging violations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The court dismissed Plaintiff's First Amended Complaint with prejudice. Order on Mot. to Dismiss ("MTD Order") [Docket No. 17.] Defendant CHSP TRS San Francisco now moves for attorneys' fees under 42 U.S.C. § 12205 and/or sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the court's inherent powers. Mot. [Docket No. 28]; Reply [Docket No. 33.] Plaintiff opposes. Opp'n [Docket No. 32.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Defendant's motion is denied.

**I.    BACKGROUND**

The factual allegations are set forth in the court's MTD Order and are not repeated here. In brief, Plaintiff is an individual with disabilities. Defendant owns and operates the Le Meridien Hotel ("the hotel") in San Francisco. Plaintiff alleged that Defendant violated the ADA insofar as the reservations system on its website failed to sufficiently identify specific accessible features. In ruling on Defendant's motion to dismiss, the court examined at length the ADA's Reservations Rule and the 2010 Department of Justice guidance on the rule. MTD Order at 7-10; *see* 28 C.F.R. §§ 36.302(e)(1)(i)-(ii) (Reservations Rule); 28 C.F.R. pt. 36, App. ("2010 Guidance"). Based on its construction of those standards, the court reviewed the operative pleading and determined that

1  Plaintiff had not adequately alleged that Defendant's reservations website failed to describe the
2  specific accessibility features in sufficient detail. MTD Order at 12. The court granted
3  Defendant's motion to dismiss the FAC without leave to amend. *Id.* The clerk issued judgment in
4  favor of Defendant on July 26, 2021. Defendant now moves for sanctions and/or attorneys' fees.

## II.    LEGAL STANDARD

In a suit under the ADA, "the court . . . in its discretion, may allow a prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. However, an ADA defendant may be awarded fees "only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Kohler v. Bed Bath & Beyond, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997)). "A case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit." *Gibson v. Off. of Atty. Gen., State of Cal.*, 561 F.3d 920, 929 (9th Cir. 2009). The court "should not 'engage in *post hoc* reasoning,' awarding fees simply 'because a plaintiff did not ultimately prevail.'" *Id.* (quoting *E.E.O.C. v. Bruno's Rest.,* 13 F.3d 285, 290 (9th Cir. 1993). "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)

Federal Rule of Civil Procedure 11 permits a court to "impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation" of the rule. Fed. R. Civ. P. 11(c)(1). "An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005) (alterations in original). Sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "One of the fundamental purposes of Rule 11 is to 'reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citations omitted). In this context, "frivolous" "denote[e] a filing that is both baseless and made

2

without a reasonable and competent inquiry." *Holgate*, 425 F.3d at 676. "The rule thus creates and imposes upon counsel an affirmative duty of investigation both as to law and fact before filing." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987). The court "should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001).

A motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). Rule 11 therefore "calls for an intensely fact-bound inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990) (en banc). The party moving for sanctions bears the burden to establish that sanctions are justified. *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987).

The court may also sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "[Section] 1927 sanctions require[s] a finding of recklessness or bad faith." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (citing *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983)). The Ninth Circuit requires a finding of "subjective bad faith," "which 'is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Id.* (quoting *In re Keegan Mgmt. Co., Sec. Lit.*, 78 F.3d 431, 436 (9th Cir. 1996)). "[A]n attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Finally, the Supreme Court has "reinforced the longstanding principle that 'courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum in their presence, and submission to their lawful mandates." *B.K.B.*, 276 F.3d at 1108 (quoting *Chambers v. NASCO, Inc*, 501 U.S. 32, 43 (1991)). "[A] district court may levy sanctions pursuant to its inherent power for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (quoting *Fink*, 239 F.3d at 991-93). Sanctions may be imposed under a court's inherent powers for "bad faith, which includes a broad range of willful improper conduct" or conduct "tantamount to bad faith." *Fink*, 239 F.3d at 992-93; *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481-82 (9th Cir. 1989) (referring to "bad faith" conduct and "willful disobedience" as distinct bases for fee awards for sanctionable conduct). Sanctions thus "are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *B.K.B.*, 276 F.3d at 1108 (quoting *Fink*, 239 F.3d at 994). Such conduct must amount to more than mere negligence or recklessness. *See In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009); *Zambrano*, 885 F.2d at 1480.

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. Even when a district court has described a litigant's behavior as "totally frivolous," "outrageous," and "appalling," the Ninth Circuit "nonetheless has refused to equate this characterization of conduct as synonymous with a finding of bad faith" *See*, *e.g.*, *Mendez v. Cty. of San Bernardino*, 540 F.3d 1109, 1131-32 (9th Cir. 2008), *overruled on other grounds by Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014) (en banc).

### III. DISCUSSION

Defendant principally argues that Plaintiff and his counsel routinely file similar lawsuits against hotels—many of which are also defense counsel's clients—challenging claimed violations of the Reservations Rule. Defendant recites a bevy of examples of similar "boilerplate" cases in this circuit that courts have dismissed with prejudice, just as the undersigned did here. Mot. at 4. At bottom, Defendant argues that "[t]his case is all about money" and "[t]he only way to deal with these tactics is by taking away [Plaintiff's counsel's] economic incentive and impose attorney's fees on them." *Id.* Defendant therefore seeks sanctions in the form of attorneys' fees under four different theories.

#### A. Fees Under the ADA

Defendant first argues that as a prevailing party, it is entitled to attorneys' fees under the ADA because the complaint was legally and factually frivolous, vexatious, unreasonable, and filed

4

in bad faith.[1]  Plaintiff responds that his complaint was not frivolous because there is no controlling Ninth Circuit precedent on the Reservations Rule and 2010 Guidance.

Plaintiff has the better argument.  In *Kohler v. Bed Bath and Beyond*, the Ninth Circuit affirmed summary judgment to the defendant in an ADA access case.  Nevertheless, the court reversed the award of fees to the defendant and ruled that the plaintiff's claims were not frivolous. *Kohler*, 780 F.3d at 1267.  The court held that Kohler's legal theories "were not clearly resolved by our prior caselaw interpreting the ADA," so he was "entitled to bring this suit to seek resolution of these questions." *Id.* (quoting *Gibson*, 561 F.3d at 929 ("Because Plaintiffs raised a question that was not answered clearly by our precedent, we hold that their claim was not frivolous.")).  "The law grows with clarity for benefit of the public through such actions even if they are not successful." *Id.*

Another court in this district recently denied the defendant's motion for attorneys' fees in an ADA case on similar grounds.  *Love v. Barcelino Cont'l Corp.*, No. 19-cv-6684-JSC, 2021 WL 4339074, at *2 (N.D. Cal. Sept. 23, 2021).  There, Plaintiff alleged that the defendant retail store failed to provide accessible sales counters and writing surfaces. *Id.* at *1.  "Plaintiff's theory was that certain ADAAG regulations applied based on the factual context of Defendant's store." *Id.* at *2.  The court ruled that while Plaintiff's evidence was insufficient to defeat summary judgment, his arguments were not "wholly without merit" because, in accordance with *Kohler*, the claims were "not clearly resolved by Ninth Circuit law." *Id.*[2]  The court further rejected "Defendant's suggestion that Plaintiff and his counsel's litigation tactics alone make this action frivolous," as "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Id.* at *2 (quoting *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008)).  *See also Love v. Ashford San Francisco II*

---

[1] Defendant seeks a total of $21,076 in fees based on a $550 hourly rate and 38.32 hours.  Mot. at 19.  Plaintiff does not challenge the reasonableness of the rates or hours requested.  Opp'n at 4.

[2] Plaintiff has since appealed the court's order granting summary judgment. *Love v. Barcelino Corp.*, No. 21-15303 (9th Cir. filed Sept. 13, 2021.)

5

*LP*, No. 20-cv-8458-EMC, slip op. at 2 (ECF No. 32) (denying defendant's fees motion under *Kohler* and stating "this Court cannot conclude that Mr. Love's complaint was meritless or frivolous until the Ninth Circuit rules that the Marriot disclosures at issue in this case are lawful under the ADA").

Defendant contends that the numerous decisions rejecting similar claims by Plaintiff or his counsel establish the frivolousness, unreasonableness, vexatiousness, and bad faith in this case. He proffers a litany of district court Reservations Rule cases brought by Plaintiff or his counsel. *See* Mot. at 2, 6-11; *see also id.* Ex. 1 ("Master List Of Dismissed Website Accessibility Cases").[3] Nevertheless, the Ninth Circuit has yet to squarely interpret the Reservations Rule. That issue is currently pending before the Circuit in at least three cases. *See, e.g.*, *Garcia v. E.L. Heritage Inn of Sacramento, LLC*, No. 20-cv-02191-JAM (E.D. Cal. April 5, 2021), *appeal docketed*, No. 21-15674 (9th Cir. Apr. 19, 2021); *Love v. Marriott Hotel Servs., Inc.*, No. 20-cv-07137-TSH, 2021 WL 810252 (N.D. Cal. Mar. 3, 2021), *appeal docketed*, No. 21-15458 (9th Cir. Mar. 15, 2021); *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752 PA, 2021 WL 936176 (C.D. Cal. Feb. 25, 2021), *appeal docketed*, No. 21-55227 (9th Cir. Mar. 10, 2021).[4] Absent binding authority on the Reservations Rule, the court concurs with the decisions in *Barcelino* and *Ashford* that under *Kohler*, Plaintiff's complaint was not wholly without merit to justify a statutory award of attorneys' fees to Defendant under the ADA.[5]

---

[3] The court notes that inclusion of this exhibit, which is not a sworn affidavit or declaration, violates the page limit requirements of Civil Local Rule 7-2(b). The court also declines to rely on a list of cases to establish that a particular legal argument is frivolous. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) ("The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny"); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) ("The simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'").

[4] The Ninth Circuit recently dismissed the appeal of a similar Reservations Rule case. *Arroyo v. JWMFE Anaheim, LLC*, No. SA-cv-2100014-CJC, 2021 WL 936018 (C.D. Cal. Feb. 16, 2021), *appeal dismissed,* No. 21-55237, 2021 WL 2425300 (9th Cir. June 14, 2021).

[5] Defendant mentions two district court decisions that the Ninth Circuit affirmed on appeal; however, those cases affirmed dismissal on standing grounds, not on the merits of the plaintiff's legal theories under the Reservations Rule. *See Strojnik v. Orangewood LLC*, 829 F. App'x 783, 783 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim for lack of

Defendant briefly points to *Garcia v. BRE El Segundo Prop. Owner B LLC*, No. 21-cv-00350-RGK-SK, 2021 WL 4048801 (C.D. Cal. Aug. 3, 2021), *appeal docketed*, No. 21-55959 (9th Cir. Sept. 3, 2021). Mot. at 1, 23; Reply at 1. That case, which involves the same attorneys for the parties as here, is immediately distinguishable because the court awarded costs under Federal Rule of Civil Procedure 54(d)(1). However, the court cursorily considered cost-shifting under the ADA and found that the lawsuit was unreasonable "[b]ecause Plaintiff and his counsel have made many analogous claims against similarly situated defendants, and other nearly identical claims have been dismissed with prejudice." *BRE El Segundo*, 2021 WL 4048801, at *2. "Plaintiff and his counsel should have been aware that prior caselaw had already resolved this issue." *Id.* The court respectfully disagrees with that decision. Under *Kohler*, Plaintiff is still entitled to bring his suit without threat of having to pay statutory attorneys' fees should he lose.

Defendant's additional arguments fail. Defendant tries to relitigate the factual allegations in the complaint, but as discussed below, Defendant does not establish with evidentiary support that Plaintiff knew his factual allegations were meritless when he filed his complaint. Defendant's other arguments appear to rehash its legal arguments that Plaintiff's theories were baseless, which the court already resolved in the MTD Order. Accordingly, the court denies Defendant's motion for attorneys' fees under 42 U.S.C. § 12205.

**B.      Rule 11**

Defendant also moves for Rule 11 sanctions. "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian*, 286 F.3d at 1127. The objective standard here is one of "reasonableness" and measures

---

Article III standing because Strojnik failed to allege that the ADA barriers he identified affected him because of his disabilities."); *Strojnik v. Kapalua Land Co., Ltd.*, 801 F. App'x 531, 531 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim against defendants . . . because Strojnik failed to allege facts sufficient to demonstrate an injury as a result of the alleged threat.").

the attorney's conduct against that of a "competent attorney admitted to practice before the district court." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Defendant argues that Plaintiff's complaint was simply a "cookie-cutter complaint" that replicates "identical claims" that "30 courts had rejected" previously. Mot. at 20. However, he does not explain why *this* complaint lacked any basis in law or fact to warrant Rule 11 sanctions. The court is aware of the numerous lawsuits that Plaintiff and others have filed in this and neighboring districts alleging violations of the Reservations Rule, many of which have been dismissed. However, the court cannot conclude that Plaintiff's complaint was legally baseless for the reasons set forth above.

Defendant's cases are not persuasive. In *Martinez v. City of West Sacramento*, No. 16-cv-02566-TLN, 2021 WL 2227830 (E.D. Cal. June 2, 2021), the defendants moved for Rule 11 sanctions "on the basis that several of Plaintiffs' factual contentions lack evidentiary support because they are either contradicted by the record or inconsistent with Plaintiffs' prior allegations, or they consist of facts that Plaintiffs could neither know nor infer from any source." *Id.* at *5. The court ruled that the complaint was legally baseless because it had dismissed the complaint after the plaintiffs failed to state a cognizable claim or meet the threshold pleading requirements. *Id.* The court went on to specifically address each of six claims and evaluated specific factual evidence that established that those claims were legally and/or factually baseless. *Id.* at *5-14. The court thereafter conducted a thorough, fact-intensive determination, including "undisputed evidence that directly contradict[ed] the contested allegations," to determine that the plaintiffs' attorney failed to sufficiently and reasonably investigate the laws and facts before filing the complaint and "at best, ignored the substantial amount of evidence in their possession." *Id.* at *14. The court thus ordered sanctions of $1,000 paid to the court.

By contrast, Defendant does not offer any evidence to establish that Plaintiff's counsel failed to adequately investigate the case before filing this complaint or knew of facts that contradicted its claims of ADA violations at Defendant's hotel. Rather, Defendant relies solely on the number of cases filed by Plaintiff's counsel proffering similar legal arguments. Such a contention does not sufficiently demonstrate that *this* case was objectively legally or factually

8

1  baseless, nor that Plaintiff's counsel failed to conduct a reasonable inquiry into the accessible
2  features at *this* hotel.
3        Defendant also points to this court's decision in *Strojnik v. IA Lodging Napa First LLC*.
4  That case is immediately distinguishable because the court did not address a motion for Rule 11
5  sanctions. *See Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 906722
6  (N.D. Cal. Feb. 25, 2020). In addition, the plaintiff "filed essentially identical complaints against
7  other entities that merely replace the defendant's name and other minor details" and that "did not
8  allege specific dates or details regarding the defendants' alleged ADA violations" to establish his
9  standing. *Id.* at *4 (N.D. Cal. Feb. 25, 2020).
10       As previously noted, absent binding appellate authority on the Reservations Rule, the court
11 cannot conclude that Plaintiff's claims are legally or factually baseless. Defendant has therefore
12 failed to meet its burden under Rule 11 to substantiate with factual evidence its assertion that
13 Plaintiff's counsel acted frivolously in this case. *See Townsend*, 929 F.2d at 1365 (the Rule 11
14 inquiry is "intensely fact-bound"). Accordingly, the court denies Defendant's motion for Rule 11
15 sanctions.

### C.  28 U.S.C. § 1927

17       Defendant argues that sanctions are justified under 28 U.S.C. § 1927. "Section
18 1927 sanctions are appropriate . . . where, within the rules, the proceeding is conducted in bad
19 faith for the purpose of delay or increasing costs." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 339 F.
20 Supp. 2d 1081, 1091 (E.D. Cal. 2004), *aff'd on other grounds,* 457 F.3d 963 (9th Cir. 2006)
21 (citing *In re Yagman,* 796 F.2d 1165, 1187 (9th Cir. 1986)).
22       "Section 1927 applies not to commencement of the action but to multiplication of the
23 proceedings thereafter." *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, No.
24 CV-16-01969-PHX-NVW, 2018 WL 3545291, at *6 (D. Ariz. July 24, 2018). Courts therefore
25 have awarded sanctions under this statutory provision where a party inappropriately prolonged the
26 litigation. *See e.g.*, *id.* (holding that the basis for section 1927 sanctions was "the prolongation
27 after the case was promptly mooted by MidFirst's compliance. Everything in this lawsuit after its
28 filing and MidFirst's cure was unreasonable and vexatious multiplication in bad faith to extort

9

1    unreasonable and unethical attorney fees from MidFirst."); *Love v. Kardooni*, No. 19-CV-04706-
2    MMC, 2021 WL 4481928, at *3-4 (N.D. Cal. Sept. 30, 2021) (awarding sanctions under section
3    1927 for the period after plaintiff acknowledged in a joint case management statement that its
4    factual claim was meritless but continued to litigate the case); *see also Wages v. I.R.S.*, 915 F.2d
5    1230, 1235-36 (9th Cir. 1990) (section 1927 sanctions justified where plaintiff "attempt[ed] to file
6    an amended complaint that did not materially differ from one which the district court had already
7    concluded did not state a claim, and by continually moving for alterations in the district court's
8    original judgment despite that court's clear unwillingness to change its mind").

9    Defendant has not shown that section 1927 sanctions are warranted. The court adjudicated
10   one dispositive motion, Defendant's motion to dismiss the FAC.[6] The litigation did not continue
11   thereafter. Defendant presents no evidence that Plaintiff knew any of his factual allegations in this
12   case lacked merit but continued to pursue litigation. *See Kardooni*, 2021 WL 4481928, at *3-4.
13   Absent evidence that Plaintiff multiplied the proceedings or unnecessarily prolonged the litigation,
14   the court denies Defendant's motion for section 1927 sanctions.

15   **D.    The Court's Inherent Power**

16   Finally, Defendant requests the court to invoke its inherent power to sanction Plaintiff's
17   counsel. This court's "authority to impose sanctions under its inherent powers is broad, but not
18   limitless." *Mendez*, 540 F.3d at 1131. This court has previously used its inherent power to
19   sanction Plaintiff's counsel. *Langer v. Pep Boys Manny Moe & Jack of Cal.*, No. 20-CV-06015-
20   DMR, 2021 WL 5444784 (N.D. Cal. Feb. 22, 2021). That sanctions order was based on counsel's
21   repeated failures to follow court rules, procedures, deadlines, and orders. Because Plaintiff's
22   counsel's "numerous litigation errors have wasted court resources and have forced Defendant to
23   spend time and money addressing these issues," the court ordered it to pay the defendant's
24   relevant attorneys' fees and costs as a sanction. *Id.* at *2.

---

[6] Plaintiff timely filed his FAC after Defendant moved to dismiss the original complaint. *See* Rule 15(a)(1) ("A party may amend its pleading once as a matter of course . . . . 21 days after service of a motion under Rule 12(b)[.]"). The court therefore only ruled on one pleading, the FAC. *Compare Wages*, 915 F.2d at 1235.

10

1    In contrast, for the reasons stated above, the court finds that Plaintiff's counsel has not
2 acted in bad faith or committed willful disobedience in *this* case in such a way that justifies
3 sanctions.  There is no evidence that Plaintiff's counsel disobeyed court orders, committed willful
4 any litigation errors, or unduly harassed Defendant in this case.  Defendant's sole argument rests
5 on the impropriety of Plaintiff's counsel bringing the same legal theories against myriad
6 defendants, many represented by Defendant's counsel, all with largely the same outcome. This
7 does not amount to bad faith conduct warranting sanctions.

## IV.  CONCLUSION

9    For the foregoing reasons, the court denies Defendant's motion for attorneys' fees and/or
10 sanctions.

**IT IS SO ORDERED.**

Dated: February 28, 2022



_____
Donna M. Ryu
United States Magistrate Judge

11